## ORDER

PER CURIAM.

Leonel Lozano, Jr., was convicted, after a jury trial, of two counts of statutory sodomy in the second degree and one count of attempted statutory sodomy in the second degree, in violation of sections 566.064 and 564.011, RSMo 2000. Because a published opinion would have no precedential value, a memorandum has been provided to the parties.

The judgment is affirmed. Rule 30.25(b).

■

**LACLEDE GAS COMPANY, Appellant,**

v.

**RENEGADE CONSTRUCTION COMPANY, Respondent.**

**No. ED 85442.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 15, 2005.

Michael R. Gibbons, Kirkwood, MO, for appellant.

Clinton B. Roberts, Sonya D. Day (co-counsel), Farmington, MO, for respondent.

Before: NANNETTE A. BAKER, P.J., ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J.

## ORDER

PER CURIAM.

Laclede Gas Company ("Laclede Gas") appeals from a directed verdict, in a court tried case, against it and in favor of Renegade Construction Company ("Renegade") on a claim for damage to its gas line. Laclede Gas claims that it raised a reasonable possibility that Renegade cut the gas line while doing construction, and that the trial court erred in its directed verdict.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).

■

**LACLEDE GAS COMPANY, Appellant,**

v.

**RENEGADE CONSTRUCTION COMPANY, Respondent.**

**No. ED 85441.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 15, 2005.

Michael R. Gibbons, Kirkwood, MO, for appellant.

Clinton B. Roberts, Sonya D. Day (co-counsel), Farmington, MO, for respondent.

Before: NANNETTE A. BAKER, P.J., ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J.

*ORDER*

PER CURIAM.

Laclede Gas Company ("Laclede Gas") appeals from a directed verdict, in a court tried case, against it and in favor of Renegade Construction Company ("Renegade") on a claim for damage to its gas line. Laclede Gas claims that it raised a reasonable possibility that Renegade cut the gas line while doing construction, and that the trial court erred in its directed verdict.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).

**Scott L. BRAGG, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 85335.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 15, 2005.

Timothy J. Forneris, Assistant Public Defender, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

Before MARY K. HOFF, P.J., CLIFFORD H. AHRENS, J., and PATRICIA L. COHEN, J.

***ORDER***

PER CURIAM.

Scott L. Bragg ("Movant") appeals from the judgment of the Circuit Court of Cape Girardeau County denying his Rule 24.035 motion for post-conviction relief after an evidentiary hearing. In his appeal, Movant argues that the motion court clearly erred when it found that the record contained a sufficient factual basis to support his guilty plea and conviction. Movant likewise contends that the motion court erred in failing to find that plea counsel rendered ineffective assistance in that: (1) plea counsel's financial interest in obtaining payment for his services caused him to pressure Movant to plead guilty; (2) plea counsel failed to move for change of judge or change of venue; and (3) plea counsel failed to investigate two witness.

We have reviewed the briefs of the parties and the record on appeal and find the motion court's decision was not clearly erroneous. An extended opinion would have no precedential value. We have, however, provided a memorandum opinion only for the use of the parties setting forth the reasons for our decision.

We affirm the award pursuant to Rule 84.16(b).